Mohamed v. Garland

BIA
Straus, IJ
A205 901 397

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MOHAMED SALAH NASR MOHAMED,
> *Petitioner,*

v.                                                            **20-3681**
                                                             **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Genet Getachew, Esq., Law Office of Genet Getachew, Brooklyn, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Dawn S. Conrad, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Salah Nasr Mohamed, a native of Saudi Arabia and citizen of Sudan, seeks review of a September 28, 2020, decision of the BIA affirming a March 23, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Salah Nasr Mohamed*, No. A 205 901 397 (B.I.A. Sep. 28, 2020), *aff'g* No. A 205 901 397 (Immig. Ct. Hartford, CT Mar. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). An IJ may "base a credibility determination" on, among other things, the "inherent plausibility" of the applicant's account and the consistency between the account and other evidence of record, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158 (b)(1)(B)(iii). We will defer to the IJ's credibility determination unless "no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Substantial evidence supports the adverse credibility determination in this case, which was based on two aspects of Mohamed's testimony that the IJ determined were inherently implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (per curiam) ("[A]n IJ is entitled to consider whether the applicant's story is inherently implausible."); *see also Hong Fei Gao v. Sessions*, 891

F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for "substantial evidence").

First, Mohamed testified that he was a member of the Democratic Unionist Party and was arrested and detained on August 30, 2006, while demonstrating against the construction of a dam in a historically Nubian area of Sudan. While record evidence confirmed that a Democratic Unionist Party protest was held that day in the same city Mohamed had identified, the protest was about commodities prices, not the construction of a dam. When asked to explain this discrepancy, Mohamed stated he had no knowledge of the other protest. The agency reasonably found Mohamed's lack of knowledge to be implausible because the protest, which received media coverage, took place in the same city and was organized by a political party in which both he and his father were purportedly active. The agency's finding of implausibility was "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan*, 509 F.3d at 67.

Mohamed argues that his lack of knowledge of the other protest could be explained by Sudan's lack of free press, but this explanation is contrary to Mohamed's testimony that newspapers write about all the demonstrations.

4

Moreover, Mohamed failed to rehabilitate his implausible testimony by not providing sufficient corroborating evidence that the dam protest ever occurred. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Accordingly, Mohamed's reading of events is not compelled by the record and, on our deferential review, does not warrant disturbing the agency's conclusion to the contrary. 8 U.S.C. § 1252(b)(4)(B).

The adverse credibility determination is further supported by the inconsistency between Mohamed's testimony and a letter from a Democratic Unionist Party official in the United States about the extent of his involvement with the party. Mohamed testified that he never attended any party meetings in the United States and was not involved with the Democratic Unionist Party in the United States. The letter, however, stated that Mohamed was an active member of the party, responsible for posting and distributing the party's memos and calling members to attend the party's meeting. Mohamed failed to provide an explanation for this inconsistency when confronted with it at the hearing.

5

Mohamed now argues that the agency should have interpreted the letter as detailing Mohamed's political activities in Sudan as well. But as with the inconsistency above, Mohamed's alternative reading is not compelled by this record. Accordingly, the agency reasonably relied on this inconsistency in making its adverse credibility finding and determining, as a result, that Mohamed failed to show that he had experienced past persecution based on a relevant ground. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Substantial evidence also supports the agency's determination that Mohamed failed to establish a well-founded fear of future persecution. "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities . . . are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). The IJ here found insufficient evidence that authorities in Sudan would be interested in Mohamed because he had not been involved in Sudanese politics since 2006, had not

6

provided evidence that the government otherwise knows of his activities or would seek to persecute him upon return, and had not shown that Nubians like himself are targeted for persecution.   This finding, which the BIA upheld, is supported by substantial evidence.   *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that a fear of future persecution is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

The agency's unfavorable asylum determinations were dispositive across Mohamed's applications because asylum, withholding of removal, and CAT relief[1] were all based on the same factual predicate.   *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[1] We decline to consider Mohamed's argument that he warrants CAT protection due to his status as a failed asylum-seeker because the argument is both unexhausted and raised in a conclusory manner with no record evidence supporting it.   Although exhaustion is not jurisdictional, *see Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1120 (2023), it is "mandatory" when, as here, the Government has raised it as a defense, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence").

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court